UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERNESTO SANCHEZ, | ) |
|     Plaintiff, | ) ) ) |
|         v. | )    Case No.   13-cv-1527 ) |
| RANDY S. PFISTER, *et al*, | ) ) |
|     Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on the issue of service expenses pursuant to Federal Rule of Civil Procedure 4(d)(2). The Court first sent a request for waiver of service to Defendant Helen Hamilton on January 27, 2014. (Doc. 8). This waiver was returned unexecuted, but the Illinois Department of Corrections ("IDOC") provided a forwarding address. The Court then sent a new request for waiver of service on February 18, 2014, to this forwarding address. (Doc. 11). Defendant Hamilton failed to return this waiver within 30 days, so the Court directed the United States Marshals to attempt formal service upon Defendant Hamilton. A Marshal served the summons and complaint on Defendant Hamilton on April 16, 2014. (Doc. 18). The cost of making this service, borne by the federal government because of Plaintiff's in forma pauperis status, was $259.96. (Doc. 18 at 1).

For purposes of evaluating whether Defendant Hamilton would be required to pay the expenses of service pursuant to Rule 4(d)(2), she was ordered to show cause why she failed to return the waiver of service. (Doc. 23). In response to this

Order, Defendant Hamilton filed a statement that she was on vacation out of state from the date the waiver of service was sent until ten days later, and that she does not remember receiving the waiver of service. (Doc. 27).

Pursuant to Rule 4(d)(2), "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2). A defendant that fails to comply is "given an opportunity to show good cause for the failure, but sufficient cause should be rare." Fed. R. Civ. P. 4 advisory committee's note (1993 Amendments, Subdivision (d)).

The docket reflects that the Clerk sent the request for waiver of service by mail to Defendant Hamilton at the address provided by IDOC. There has long been a rebuttable presumption in the law that properly addressed mail that is sent is delivered. *See, e.g.*, *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). The mailed waiver request was not returned to the Court as undeliverable, and there is no other indication it was not delivered to the address on the envelope. Defendant Hamilton was later personally served at this same address, so the address was apparently accurate. Defendant Hamilton's lack of memory of receiving the waiver does not rebut the presumption that it was delivered.

If Defendant Hamilton simply failed to open the piece of mail containing the waiver request, sent by the Court, that is not good cause for failing to return the waiver. Even if she was on vacation when it was delivered, she would have had ample time to return the waiver after she returned home and checked the mail

2

delivered while she was gone. She submits no evidence of any other reason that would excuse this failure to open or act upon this important document. Thus, Defendant Hamilton did not have good cause for failing to return the waiver of service sent to her, and must pay the expense of service by the Marshal.

Defendant Hamilton SHALL submit payment for these service expenses to the Clerk within twenty-one days of the date of this Order, in the form of a check payable to the United States Marshal Service in the amount of $259.96. IT IS SO ORDERED.

Entered this 11th day of June, 2014.

                                                    s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                        United States Senior District Judge