UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERNESTO SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-1527 |
| | ) | |
| RANDY S. PFISTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER & OPINION

Matter is before the Court on a Motion for Summary Judgment filed by the Defendants (Doc. 35). Responses were due February 5, 2015. As of the date of this Order & Opinion, Plaintiff has not filed a response. For the following reasons, Defendants' Motion is granted.

## LEGAL STANDARD

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the

summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986).

## FACTUAL BACKGROUND[1]

On March 8, 2012, Plaintiff was transferred from Stateville Correctional Center ("Stateville") to Pontiac Correctional Center ("Pontiac") and housed in a segregation unit. Two days later, on March 10, 2012, Plaintiff received a copy of a disciplinary report authored by Defendant Tejada indicating that Plaintiff was placed on investigative status at Stateville, prompting the transfer to Pontiac.

On April 5, 2012, Plaintiff received written notice of the disciplinary report charging him with the following offenses: 105 Dangerous Disturbances, 205: Security Threat Group or Unauthorized Activity, and 601 to 102: Soliciting or Conspiring to Assault Any Person. Plaintiff was allowed to submit a request for witnesses to be interviewed in his defense, and Plaintiff's requested witness made a statement to the Adjustment Committee. On April 9, 2012, Plaintiff appeared before the Adjustment Committee with Defendant Hamilton serving as the Committee Chair Person, and Defendant Joyner serving as a Committee member. After the hearing, on April 29, 2012, Plaintiff received a written copy of the Adjustment Committee's Final Summary Report detailing the evidence relied upon by the Committee and the reasons for their findings.

As punishment, Plaintiff received 1 year C grade, revocation of good time credits, and restriction of audio/visual and contact visits. This action was later expunged after the Administrative Review Board determined that the disciplinary reports issued in this case violated Department of Corrections' regulations.

---

[1] Unless otherwise noted, these facts are drawn from the Defendants' Statement of Undisputed Material Facts (Doc. 36 at 2-3). Because Plaintiff failed to respond to the Defendants' Motion for Summary Judgment, the Court considers these facts undisputed pursuant to Rule 56(e)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(e).

# ANALYSIS

Plaintiff filed his Complaint on November 6, 2013 pursuant to 42 U.S.C. § 1983, alleging violations of his procedural due process rights and a Fourteenth Amendment violation for a false disciplinary report. In its Merit Review Order, the Court found that Plaintiff adequately stated a procedural due process claim against Defendants Hamilton and Joyner, and a Fourteenth Amendment claim against Defendant Tejada. (Doc. 6).

A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and, (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994). According to the undisputed facts, Plaintiff was placed into segregation for investigative purposes on March 8, 2012, and remained so classified until April 5, 2012. Placement into more restrictive conditions, including segregation, could create a liberty interest if such conditions impose an "atypical and significant hardship on [the] inmate in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit has held that "inmates have no liberty interest in avoiding transfer to discretionary segregation-that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citations omitted). This type of segregation is not "atypical," but rather "an ordinary incident of prison life that inmates should expect to experience during their time in prison." *Id.* (internal quotations omitted). Plaintiff's discretionary segregation status lasted for approximately 30 days, and nothing in the record now before the Court suggests that this classification imposed the types of hardships that implicate the Fourteenth Amendment.

Plaintiff also challenged the procedure used during his disciplinary hearing that resulted in a demotion in status, revocation of good time credit, and restriction of other privileges. As Illinois has created a statutory right to good time credit, Plaintiff has a liberty interest in maintaining the credit sufficient enough to trigger the minimum protections of the Fourteenth Amendment's Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 1994) ("Good-time credits are statutory liberty interests once they have been awarded."); 730 ILL. COMP. STAT. 5/3-6-3 *et seq.* (2015) (Illinois good time credit statute). Thus, before being deprived of that good time credit, Plaintiff would be "entitled to (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985) and *Wolff*, 418 U.S. at 563-67).

The undisputed facts show that Plaintiff was provided written notice of the pending charges at least four (4) days in advance of the hearing date. Plaintiff was permitted to identify witnesses and those witnesses provided a statement in Plaintiff's defense. There is no indication in the record that the Adjustment Committee members were not impartial, and the Adjustment Committee provided Plaintiff with a written statement outlining its decisions and the supporting reasons. On this record, no reasonable juror could conclude that Plaintiff's procedural due process rights were violated.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment is GRANTED [d/e 35]. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v Edwards*, **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 9th day of April, 2015.

_____*s/Joe B. McDade*_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE